F. H. Wemple, Administrator, Appellant, v. Rebecca J. Allen et al., Appellees.

. MASTERS IN CHANCERY—*when findings set aside.* If the findings of the master are contrary to the weight of the evidence exceptions to such findings are properly sustained.

Bill in chancery. Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed May 28, 1910.

LAYMAN & MORRISSEY, for appellant.

EDWARD C. KNOTTS (F. L. GREGORY, guardian *ad litem*), for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is a bill in chancery brought by appellant to set aside a deed made by William P. Allen in his lifetime to his son, Charles F. Allen, for eighty acres of land; and a deed by the son, Charles F. Allen, to Rebecca J. Allen, widow of William P. Allen.

The deed from William P. Allen to Charles F. Allen, his son, was a warranty deed and conveyed the land in fee simple. The deed from Charles F. Allen to his mother, Rebecca J. Allen, conveyed a life estate to her, or during her widowhood, with the fee to her children. The consideration expressed in each of these deeds was one dollar and love and affection.

The grounds urged for setting aside the deeds are: that William P. Allen at the time he made his deed was insolvent, that he was indebted to Thomas B. Allen, who was then living, in the sum of $560 for money loaned to him by Thomas B. Allen and for which William P. Allen executed a promissory note to Thomas B. Allen; and that this was all the property that William P. Allen possessed, and that he left nothing with which to pay the indebtedness to Thomas

B. Allen; that in consequence thereof, the conveyance was fraudulent as to his creditors, Thomas B. Allen being the only creditor of the estate of William P. Allen.

The rule of law contended for by appellant that a voluntary conveyance by a debtor of all his property whereby the estate becomes wholly insolvent and unable to pay creditors is fraudulent as against the creditors, and that such a conveyance is a fraud in law, is correct. This rule is so well established that it needs no citation of authority and no further facts need be shown other than that the conveyance was without a valuable consideration and that the debtor retained no property with which to pay his indebtedness, and having established such fact, it then devolves upon the debtor or party claiming under the conveyance to show a justification therefor; and as a justification therefor it is contended by appellees that the conveyance was made by and with the consent, knowledge and approval of Thomas B. Allen at the time of the execution of these deeds.

The master found against appellees upon this contention and that the conveyance was fraudulent and should be set aside. The chancellor, upon the exceptions to the master's report, sustained the exceptions, overruled the master's finding and entered a decree dismissing the bill for want of equity.

The evidence in this case discloses that at the time of this conveyance Thomas B. Allen, the father of William P. Allen, was anxious and desired that William P. Allen should make some provision for his family and the question of making a will or a conveyance was discussed between them and by the parties interested.

The evidence of A. C. Moffett, who was an entirely disinterested person in connection with this matter and whose evidence is uncontradicted in this record, was the cashier of the First National Bank at Waverly; he testifies that the deed from William P. Allen to Charles F. Allen was written at the bank; that the acknowledgment to the same was taken at the home of William P. Allen about a half a mile south of Waverly; that Thomas B. Allen, the father and of whose

estate the appellant here is representative, was present and that when Moffett advised the making of a will instead of the deed, that Thomas B. Allen, the father, informed him they had talked the matter over and had decided to make the deed rather than a will and he testifies that Thomas B. Allen was made acquainted with the purpose of these deeds. This evidence is corroborated by Edward Barrack, and that in the conversations concerning the talk about the execution of this deed that Thomas B. Allen knew and was familiar with the property which William Allen had and the question of the indebtedness to him was discussed and that the conveyance was made with the entire knowledge, consent and at the solicitation and desire of Thomas B. Allen, and this being the uncontradicted evidence in this case, no other conclusion could be arrived at than that Thomas B. Allen approved and assented to the making of this deed and that his personal representative cannot now complain of its having been executed; and we find that the exceptions to the master's report were properly sustained, that the decree rendered by the chancellor in this case is correct and that decree is affirmed.

*Affirmed.*